IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JORGE LUIS RIVERA-VÉLEZ,<br>Defendant. | CRIM. NO.: 26-157 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Defendant Jorge Luis Rivera-Vélez ("Mr. Rivera-Vélez")'s request for a *de novo* review of the U.S. Magistrate Judge's pretrial detention order. *See* Docket No. 23. For the reasons set forth below, Mr. Rivera-Vélez's motion is **DENIED** and the U.S. Magistrate Judge's detention order is **AFFIRMED**.

## I. BACKGROUND

On April 22, 2026, a grand jury returned a one (1) count Indictment charging Mr. Rivera-Vélez with possession of a machine gun in violation of 18 U.S.C. § 922(o). *See* Docket No. 13. A bail hearing was held on April 23, 2026, before U.S. Magistrate Judge Giselle López-Soler ("Magistrate López-Soler"). *See* Docket Nos. 15 and 21. There, the Government argued that detention was warranted due to dangerousness. The Government relied in large part on the purported domestic violence incident that prompted the filing of a criminal

complaint ("querella"). *See* Docket No. 21. The complaint was filed by Mr. Rivera-Vélez's ex-consensual partner, who was seventeen years old at the time. *Id.* at pg. 4. The filing of that complaint led agents from the Municipal Police of Manatí to arrive at Mr. Rivera-Vélez's studio apartment to arrest him. *Id.* Upon arrival and entry into the apartment, the police officers saw a crossbody bag with a gun protruding from it. *Id.* From Mr. Rivera-Vélez's apartment the police retrieved: a Glock pistol, two extended magazines, and a total of sixty-three rounds of magazines. *See* Docket No. 1-1. The Government further proffered to the Court that the shell casings from the firearm were linked to two different murders. *See* Docket No. 21, pg. 8. The Government did not appear to argue that detention was warranted due to risk of flight. *Id.* at pg. 9.

For his part, Mr. Rivera-Vélez argued for conditions of release. He noted that the Pretrial Services Report had recommended conditions of release. *See* Docket No. 11. Further, he highlighted that this was not a presumption case and that he has strong family ties that would ensure his compliance with the conditions set by the Court. *See* Docket No. 21, pgs. 10-11. He also challenged the weight of the evidence of the underlying domestic violence dispute. *Id.* at pgs. 11-12. Mr. Rivera-Vélez also noted that he had no prior convictions, was employed, and

that conditions of release could be fashioned in this case. *Id.* at pgs. 13-14.

On May 1, 2026, Magistrate López-Soler issued an Order of Detention Pending Trial. *See* Docket No. 20. The Magistrate Judge ordered detention based on danger to the community and noted the weight of the evidence, the history of violence, and the history of alcohol or substance abuse, as grounds for imposing pretrial detention. *Id.* Magistrate López-Soler also highlighted the testimony of the victim in the state domestic violence proceedings, and the fact that the shell casings had matched with two prior murder scenes, as further reasons justifying detention. *Id.*

On June 3, 2026, Mr. Rivera-Vélez moved the Court for a *de novo* bail hearing. *See* Docket No. 23. The Government opposed the request, *see* Docket No. 26, and Mr. Rivera-Vélez replied, *see* Docket No. 27. The *de novo* bail hearing was held on August 21, 2026. *See* Docket No. 31. The Court ordered supplemental briefings, which Mr. Rivera-Vélez subsequently filed. *See* Docket No. 40.

## II. ANALYSIS

### A. Standard of Review

The Court reviews the Magistrate Judge's detention order de novo. *See United States v. Tortora*, 922 F.2d 880, 883 n.4

(1st Cir. 1990).

**B. Pretrial Detention**

Pretrial detention is permitted under the Bail Reform Act of 1984 if no condition or combination of conditions exist which could reasonably assure the appearance of the defendant and the safety of the individual or the community. *See* 18 U.S.C. § 3142(e). The Government may move for detention based on risk of flight, danger to the community or both. If it moves for detention due to risk of flight, it must show that the defendant is a risk of flight by a preponderance of the evidence. *See Hernández-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021) (highlighting that "under the Bail Reform Act, where flight risk is a factor, the [G]overnment need only prove flight risk by a preponderance of the evidence[.]"). In contrast, if it moves for detention because it understands that the defendant is a danger to the community, it must show that is the case with clear and convincing evidence. *See Tortora*, 922 F.2d at 884 (explaining that the Government must "prove clearly and convincingly that no set of release conditions would reasonably assure the community's safety.").

Here, the Government has moved for detention based on danger to the community. Thus, the Court's task is to examine if the Government has shown that no combination of conditions

can ensure the safety of the community, by clear and convincing evidence. To render its decision, the Court considers the factors set out in 18 U.S.C. § 3142(g). Those factors include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) history and characteristics of the defendant, including past conduct; and (4) danger posed to the community if the defendant is released. *See* 18 U.S.C. § 3142(g); *see also United States v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990) (recognizing that "due attention" must be given to all four factors). The Court considers each factor in turn.

**C. Section 3142(g) Factors**

**i. Nature and Circumstances of the Offense Charged**

In this case, Mr. Rivera-Vélez is charged with illegal possession of a machinegun, in violation of 18 U.S.C. § 922(o). If convicted, Mr. Rivera-Vélez faces up to ten years of imprisonment. *See* 18 U.S.C. § 924(a)(2). Mr. Rivera-Vélez was found to be in possession, not only of a machinegun, but also of multiple magazines and sixty-three rounds of ammunition. *See* Docket No. 1-1. Because the crime involves an altered firearm capable of grave harm, the Court considers that this factor weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(1) (the statute directs the Court to consider, *inter alia*, whether the offense charged involves a "firearm").

**ii. Weight of the Evidence**

The weight of the evidence against Mr. Rivera-Vélez is strong. According to the affidavit attached to the Complaint, *see* Docket No. 1-1, the altered firearm was found in Mr. Rivera-Vélez's studio apartment. Notably, Mr. Rivera-Vélez does not dispute this, but rather focuses on discrediting the state domestic violence case. *See generally* Docket Nos. 23, 27 and 40. Thus, the Court finds that this factor favors detention.

**iii. History and Characteristics of Mr. Rivera-Vélez**

At the time of his arrest, Mr. Rivera-Vélez was twenty (20) years old. *See* Docket No. 36.[1] He has a Graduated Equivalency Diploma (GED) from an unspecified institution. *Id.* at pg. 2. Mr. Rivera-Vélez held two jobs at the time of his arrest, one with a construction company, and another servicing agricultural companies. *Id.* Mr. Rivera-Vélez did not report any assets or liabilities, although he did state he paid his cellphone bill. *Id.*

Regarding substance abuse, Mr. Rivera-Vélez noted that he has been consuming cannabis since the age of fifteen. *Id.* at

[1] The initial Pretrial Services Report was issued on April 22, 2026. *See* Docket No. 11. An Amended Pretrial Services Report was prepared to include information pertaining to Mr. Rivera-Vélez's juvenile records. *See* Docket No. 36.

pg. 3. He also provided a voluntary urinalysis on the day of the bail interview, which yielded positive results for Cannabinoids. *Id.* Mr. Rivera-Vélez also informed the U.S. Probation Officer (the "USPO") that he did not suffer from any mental health conditions and that he was in good physical health. *Id.*

The record shows that Mr. Rivera-Vélez has no prior criminal record. However, his mother told the USPO that he spent two years in a juvenile facility. A review of the juvenile records shows that, in 2023, Mr. Rivera-Vélez accepted responsibility for possession of controlled substances, in violation of the Puerto Rico Controlled Substances Act, and served two years under conditional release. *Id.* at pg. 3. The juvenile records also show that, although Mr. Rivera-Vélez struggled to comply with some of the conditions imposed, his conditional release was never revoked. *Id.* at pg. 3; *see also* Docket No. 40, pg. 4.

Considering the above, the Court finds that this factor weighs in favor of release. The Court is not inclined to give great weight to Mr. Rivera-Vélez's juvenile records.

**iv. Danger to the Community**

Section 3142(g)(4) states that the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18

U.S.C. § 3142(g)(4). Magistrate López-Soler's pretrial detention order relied, in part, in the alleged domestic violence incident that led to the arrest. *See* Docket No. 20. During the *de novo* bail hearing, the Court heard testimony of ATF Officer Javier González-Rivera and received documents pertaining to the state court proceedings. *See* Docket No. 31. Specifically, the Government presented as evidence: the victim's statement to the Puerto Rico Police, *see* Docket No. 33-1, the *ex-parte* restraining order, *see* Docket No. 33-2, and the order from the Puerto Rico Municipal Court, closing the case, *see* Docket No. 33-3.

The Parties dispute the weight the Court should give the domestic violence incident in deciding whether the safety of the community can be reasonably assured with conditions of release. *See* Docket Nos. 23, 26, 27, and 40. For his part, Mr. Rivera-Vélez argues that the Court should give it little weight, since the allegations did not lead to criminal charges, and because Mr. Rivera-Vélez was never given the opportunity to contest them. *See* Docket Nos. 23, pgs. 7-8; 27, pg. 3. The Government, however, proposes the Court should give "special consideration" to the underlying domestic violence incident and should not interpret the outcome of the state proceedings as indicative of the claims being frivolous. *See*

Docket No. 26, pgs. 6-7.[2]

After hearing the testimony of ATF Officer González-Rivera and reviewing the documents from the state court proceedings, the Court finds that the evidence available clearly establishes that Mr. Rivera-Vélez poses a danger to the community if released. The Court notes that, when evaluating dangerousness, it may consider uncharged conduct. *See United States v. López-Afanador*, 830 F. Supp.3d 246, 249 (D.P.R. 2026) (citing *United States v. Rivera-Sepulveda*, Crim No. 19-695, 2020 WL 402277, at *2 (D.P.R. Jan. 24, 2020)). Moreover, as several circuit courts have noted, "[a] willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness towards others." *See United States v. Quatermaine*, 913 F.2d 910, 917 (11th Cir. 1990); *see also United States v. Mercedes*, 254 F.3d 433, 437-38 (2nd Cir. 2001); *United States v. Stone*, 608 F.3d 939, 953 (6th Cir. 2010).

First, the Court notes that the victim, who was seventeen at the time, narrated to the police that Mr. Rivera-Vélez both physically harmed her and threatened her. *See* Docket No. 33-1. Then, she testified before the Municipal Court of Arecibo

[2] The Court notes that the Government does not rely solely on the domestic violence incident to establish dangerousness but also posits that the fact that Mr. Rivera-Vélez had access to an altered firearm shows the danger he poses to the community. *See* Docket No. 26, pgs. 7-8.

and, in addition to reiterating her prior narrative, specified that Mr. Rivera-Vélez drew a firearm during the incident. *See* Docket No. 33-2, pg. 2. Lastly, in the hearing held before the Municipal Court on May 18, 2026, the victim stated that she was voluntarily withdrawing her petition because she did not fear for her safety "since the respondent is in federal custody." *See* Docket No. 33-3. In other words, the victim expressed that she felt safe because of Mr. Rivera-Vélez's detention.

As such, the Court finds that this factor weighs in favor of detention.

## III. CONCLUSION

Considering the above, Mr. Rivera-Vélez shall remain detained pending trial. The U.S. Magistrate Judge's order of detention is therefore **AFFIRMED**. However, the Court emphasizes that its decision today has no bearing on Mr. Rivera-Vélez's presumption of innocence. After all, the Bail Reform Act clearly states that "nothing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of November 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE